**516**

David B. Rosenthal (court appointed), Detroit, Mich., for defendant-appellant Robinson.

Charles E. Fonville (court appointed), Detroit, Mich., for defendant-appellant Holt.

Cornelius Pitts (court appointed), Detroit, Mich., for defendant-appellant Powell.

Philo, Maki, Moore, Pitts, Ravitz, Glotta, Cockrel & Robb, by Cornelius Pitts, Otis & Rosenthal, by David B. Rosenthal, Detroit, Mich., on the brief for defendants-appellants.

Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Dearborn, Mich., for plaintiff-appellee; James H. Brickley, U. S. Atty., on the brief.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eddie Lee ROBINSON, Samuel Holt, Jr., and Jerome James Powell, Defendants-Appellants.**

**Nos. 19541, 19542 and 19543.**

United States Court of Appeals Sixth Circuit.

Jan. 8, 1970.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and WEINMAN*, District Judge.

PER CURIAM.

Defendants-appellants, who were at the time involved inmates of a Michigan penal institution, were indicted and convicted of the crime of sodomy and of assault to commit sodomy. The charge was made under a Michigan statute, and the sole issue on appeal is the claimed unconstitutionality of the Michigan statute, which claim is based on the fact that no distinction is made between acts forced upon the participants and those engaged in by consenting adults.

---

* Honorable Carl A. Weinman, Chief Judge, United States District Court for the  Southern District of Ohio, Western Division, sitting by designation.

In the present cases the defendants' defense was based upon their contentions that they were in other parts of the prison at the time of the alleged assaultive sodomy and did not participate in any way. In spite of this defense appellants allege a constitutional deprivation on the basis that had they been charged under a statute differentiating between forced and consensual acts they might have proceeded differently from the point of view of defense strategy. We conclude, however, that on the basis of the record before us that the consensual defense would not have been available to any of the appellants, and we accordingly do not here reach the constitutional question, and specifically refrain from expressing any opinion with reference thereto.

The judgments of conviction of the District Court are affirmed.